Judge Mills
delivered the opinion.
This was an action of ejectment brought on the joint demise of nine persons, who claim to be the heirs of Robert King, deceased. On the trial they produced a patent to Robert King, and proved that only seven out of the nine were heirs of Robert King, dec. The defendants gave, in evidence, a title derived from the commonwealth, and gave evidence conducing to shew that they had held seven years possession under their title adverse to the plaintiffs. After closing the evidence on both sides, the defendants’ counsel moved the court to instruct the jury, that if they believed, from the evidence, that the defendants or their ancostor, *386 from whom they derived title by descent, had had quiet, peaceable and adverse possession of the premises in controversy, under their title, for seven years, before this suit, the lessors of the plaintiffs could not succeed, unless they should prove that some one or more of them were infants, feme covert, or persons of unsound mind, or out of the United States, according to the exceptions contained in the act of assembly, which declares seven years residence to be a bar.
Seven years adverse possession in a junior patentee bars an elder patentee under the stat. to compel the speedy adjustm’t of land claims —unless the elder patentee brings himself under some of the reservations of the stat.
The court refused this instruction; and on the contrary the court instructed the jury that the act of assembly, approved February 9, 1809, entitled “an act to compel the speedy adjustment of land claims,” would not apply to the defendants’ title so as to allow them the benefit of the provisions of said act, because it appeared that their certificate, entry, survey and patent were all younger in date, and subsequent to the plaintiffs’ patent, and therefore vested in the defendants no title in law or equity. To this opinion the defendants excepted.
Evidence was also given conducing to shew the boundaries of each claim, and to disprove the boundaries of the plaintiffs’ grant, and the residence of the defendants, and which is spread upon the record. The jury found for the plaintiffs as to seven ninths of the land, and for the defendants as to two ninths. The defendants moved for a new trial on the grounds that the verdict was against law, and against evidence, and on the ground that the court had misdirected the jury. The court overruled this motion, to which opinion the defendants excepted. These opinions, with others, are questioned by the assignment of error; but we have not thought it necessary to notice others, but will consider these in the foregoing order.
Although the defendants may not have shaped their motion in the strong shape which the law warrants, and might have asked the instruction on condition that the lessors of plaintiff did not prove that the whole of them, instead of some one or more of them, came within the exception of the statute; yet as this was placing the question more favorable to the plaintiffs than it might have been placed, and the court has given an instruction which excluded the benefits of the statute from the defendants in any event, the opinion of that court lies properly before us, and will be considered. We differ widely from that court in the construction given to the statute in question. If a defendant is to be precluded from the benefits of the statute because *387 his adversary is able to shew that the defendants’ title is wholly invalid by the production of his own, and that as the commonwealth could grant but one title, and he, the plaintiff, had that, and of course the defendant could not have it, then the statute is a dead letter. For if the defendant can shew that he has a clear and valid title in law and equity, on that he must succeed, and there is no necessity of the statute to aid him. It is clear, however, that the statute is designed to operate against the plaintiff, and prevent his recovery, in a case where the plaintiff is able to shew that he had all the title that the commonwealth could grant, and thereby the defendant was stripped of his title. The fact of possession, then, is to avail the defendant, and estop the plaintiff from questioning his title, and the statute is predicated upon the hypothesis that the defendant’s title is invalid—in that case it is to relieve him; with a valid title he has no need of it. The true construction, then, of the words of the statute, “a connected title in law or equity deducible of record from the commonwealth,” does and must mean such title when tested by its own face, and not tried by the title of others. If the defendants’ title should be “a connected title in law or equity,” supposing no other to exist on the ground, then if he proves seven years possession holding under it, the statute shall aid him, although the plaintiff may be able to shew, by the production of his own title or that of others, that the title did not, in law or fact, pass to the defendant. The opinion of the court below, then, which precluded the defendants in this case from the benefit of the statute, is deemed erroneous.
On a joint demise by nine, seven only of whom have title, none can recover.
Hardin for plaintiffs, Crittenden for defendants.
On the question of a new trial we have not thought it proper or necessary to express any opinion on the strength of evidence adduced by the parties. It is clear, for the reasons assigned, that a new trial ought to have been granted. Besides, it is evident that the verdict is against law. The plaintiffs proved that only seven out of the nine were heirs of the patentee, and had title. This did not authorise the jury to find a verdict for any part of the land. For it is well settled, that on a joint demise of two or more plaintiffs, if any of them fail to shew title on the day of the demise, the plaintiffs cannot recover. Run. eject. 221-2: 1 Marsh. 39. The judgment of the court below is therefore deemed erroneous, and must be reversed, and the verdict set aside with costs, and the cause remanded for new proceedings to be had conformable to this opinion.